F. SCRANTON v. PRESTON CONLIE.

Under the law of 1841, (which was still in force in Texas in 1867,) in relation to runaway slaves, it was made the duty of the sheriffs of the respective counties to receive all runaway slaves who were duly committed, and to keep them securely, and to maintain them.  (O. & W. Dig., Art. 1869.)

Where the owner refused to remove the slave, or to provide for his maintenance, he became liable for his expenses.

The insanity of the slave excused the sheriff from offering the negro at public sale, as the law then directed.  (O. & W. Dig., Art. 1870.)

Where the reason of the law ceases, the law itself ceases.

When the law allowed the sheriff but fifty cents a day for keeping a slave, he could not recover a higher sum by proving a *quantum meruit.*  (O. & W. Dig., Arts. 960 and 1870.)

ERROR from Harris.  The case was tried before Hon. PETER W. GRAY, one of the district judges.

Conlie sued Scranton for $301 25, for keeping the slave of Scranton, as jailor, and for necessaries for said slave, under the law of 1841, with reference to runaway slaves. (O. & W. Dig., Arts. 1869 to 1872.)  The defendant demurred to the petition, plead the general issue, and that he was not the owner of the slave for more than three

years before the institution of the suit. The facts proved in the case were, that in 1865 the defendant purchased the negro; that he was subject to fits, and had been sold in consequence of it; that he had run off, and been committed to jail in 1858, in accordance with the law at that time. The value of the keeping and of the necessaries furnished were proved. It was proved on the part of the defense that the negro was crazy. The jury returned a verdict for the plaintiff for the amount demanded, for which there was judgment. In arriving at this amount, the jury allowed more than fifty cents per day for keeping the slave. The law at that time only allowed fifty cents a day.

The defendant prosecuted error. No briefs have been furnished to the *Reporter*.

COKE, J.—The petition in this case discloses a good cause of action. The demurrer was properly overruled. The slave, Jack, having been arrested as a runaway, placed in the custody of appellee, as sheriff of Bastrop county, it was his duty to keep him securely, and provide for and maintain him. (O. & W. Dig., Art. 1869.) The plaintiff in error is proved to have been the owner of the slave, and to have been duly notified of his arrest and incarceration, and wholly failed to remove him or provide for him. The utter worthlessness of the slave, arising from his mental insanity, which is alleged and clearly proved, is a sufficient excuse for the failure of defendant in error, as sheriff, to offer him for sale at the end of six months from the date of his committal, as required by law. (O. & W. Dig., Art. 1870.)

His condition was such, that he would have been an onerous charge upon a purchaser, and to have offered him for sale under such circumstances would have been an idle ceremony, not required by the law. The requirement to sell is based on the idea that the negro was of some value, and would bring money on a sale with which to defray

expenses, &c., &c. When he is absolutely and utterly worthless, and worse than worthless, as the slave in this case is proved to have been, the reason of the law ceases, and the requirement with it. That the plaintiff in error is liable for necessaries furnished, and for proper care and attention to his slave, and for his support and maintenance, is too plain a proposition to require either argument or authority to sustain it. But the defendant in error received the slave in his official character as sheriff of Bastrop county, and kept him in the public jail. He was a prisoner for whose support and maintenance the law allows the sheriff fifty cents per day. (O. & W. Dig., Arts., 960, 1870.) In his petition, the defendant in error claims $1 per day, and that amount is allowed in the verdict and judgment, making, for the whole time charged for, an excess of $97 50 over what he is allowed by law to charge and receive. The goods furnished and the extra attention bestowed are proved clearly to have been absolutely necessary, and the charges for them were properly allowed. There is no error in the judgment, except that it is excessive to the amount of $97 50, for which it must reversed, and the case remanded for further proceedings, unless the defendant in error enter a *remittitur* of the excess, an opportunity to do which will be allowed him, if he desires it.

ORDERED ACCORDINGLY.